IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 5:19-cr-00025-005 |
| v. | ) | |
| | ) | By:  Elizabeth K. Dillon |
| JONATHAN NEICE | ) | United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant Jonathan Neice's pro se motion for compassionate release based on the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i).  (Dkt. No. 303.)  This motion was filed shortly after Neice filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  (Dkt. No. 301.)  On July 22, 2022, the court issued an opinion and order denying Neice's § 2255 motion. (Dkt. Nos. 358, 359.)  For the reasons stated below, the court will issue an order dismissing Neice's subsequent motion, labeled a compassionate release motion, for lack of jurisdiction as a second or successive § 2255 motion.

On October 8, 2020, Neice pleaded guilty to one count of possession with intent to distribute heroin, acetyl fentanyl, and fentanyl, resulting in the death of J.H. and the serious bodily injury of J.W.  (Dkt. Nos. 16, 247).  Neice's argument in his so-called compassionate release motion is that his conviction is invalid because his actions do not meet the definition of "distribution" pursuant to 21 U.S.C. § 841.  Neice argues that he would not have pled guilty but for his lawyer's incorrect legal advice on this issue.  This argument goes to the validity of Neice's conviction, which should be addressed pursuant to a motion under 28 U.S.C. § 2255, not a motion for compassionate release.  "Because § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep § 2255's requirements."  *United*

*States v. Ferguson*, 55 F. 4th 262, 270 (4th Cir. 2022).  The substance of the filer's request controls, not the way he characterizes it or titles his motion.  *Id.*

Based on the foregoing, the court construes Neice's motion, which he labeled a compassionate release motion (Dkt. No. 303), as a motion for relief pursuant to § 2255.  So construed, this motion is second or successive to Neice's earlier § 2255 motion, which the court has denied, and Neice has not obtained authorization from the Fourth Circuit to file this motion.  *See* § 2255(h); § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  In the absence of such authorization, this court lacks jurisdiction to consider the motion.  *Richardson v. Thomas*, 930 F.3d 587, 594–95 (4th Cir. 2019).  For this reason, the court will enter an appropriate order dismissing Neice's motion (Dkt. No. 303) for lack of jurisdiction.[1]

Additionally, when issuing a final order adverse to a § 2255 movant, the court must issue or deny a certificate of appealability.  *See* Fed. R. Gov. § 2255 Proc. 11(a).  A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  When, as here, relief is denied on procedural grounds, the movant must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012); *United States v. Elliot*, 785 F. App'x 201, 2019 WL 6321279, at *1 (4th Cir. Nov. 26, 2019) (applying this standard to a district court's dismissal of a

---

[1]  Although the court is dismissing this motion as second or successive, the court explicitly addressed the arguments contained therein and the authority Neice cited, in addressing his initial § 2255 motion. (Mem. Op. 6, Dkt. No. 358 (addressing and rejecting Neice's arguments in "his parallel motion").  Thus, if the filing were more properly construed as a supplement to his original § 2255 motion—which was pending at the time Neice filed this motion—the court has considered his arguments and there is nothing left to resolve.

§ 2255 motion as second or successive).  The court concludes that Neice has not made the required showing, and it will deny Neice a certificate of appealability.

Lastly, also pending before the court is Neice's motion to appoint counsel and for a briefing schedule.  (Dkt. No. 318.)  By way of background, when his motion was filed, and because it was docketed as a compassionate release motion pursuant to the First Step Act of 2018, the Federal Public Defender was appointed pursuant to a standing order.  (Dkt. No. 304.) The court ordered the Federal Public Defender either to file a supplement to his motion, if appropriate.  (Dkt. No. 305.)  Subsequently, the Federal Public Defender declined to file any supplement.  (Dkt. No. 314.)

In his motion to appoint counsel and for a new briefing schedule,, Neice contends that, because his § 2255 motion claimed that the Federal Public Defender provided ineffective assistance to him, that office had a conflict of interest.  He thus asks for a new briefing schedule on the compassionate release motion and a new attorney (other than the Federal Public Defender) to represent him.  (Dkt. 318.)

The court will deny this motion.  If the "compassionate release" motion had been properly docketed as a § 2255 motion when it was first filed, then the court would not have appointed the Federal Public Defender or asked for briefing.  In light of that, the court has not considered the filing (or decision not to file) by the Federal Public Defender, and so the motion for a new briefing schedule and new counsel (Dkt. No. 318) will be dismissed as moot.

An appropriate order will be entered.

Entered: September 1, 2023.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
United States District Judge

3